UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Jonathon Ziesmer,                           Court File No.  12-CV-03031 (PAM/JJK)

                Plaintiff,

      vs.                            **DEFENDANT'S MEMORANDUM OF**
                                         **LAW IN SUPPORT OF**
Derrick Lee Hagen,                        **MOTIONS *IN LIMINE***

                Defendant.

## INTRODUCTION

In this Section 1983 lawsuit, Plaintiff Jonathon Ziesmer ("Plaintiff") alleges that

Defendant State Trooper Derrick Lee Hagen ("Trooper Hagen") used excessive force

during a roadside encounter on August 22, 2010.  As detailed in Defendant's Motions *in*

*Limine* (Doc. No. 65) Trooper Hagen seeks an order from the Court as follows:

1. Prohibiting Plaintiff from introducing testimony from any of his treating physicians or other medical personnel;

2. Prohibiting Plaintiff and any non-expert witnesses from introducing testimony that Plaintiff has any specific medical condition he allegedly or that such medical condition was caused by Trooper Hagen's alleged actions;

3. Prohibiting Plaintiff from introducing any evidence or eliciting any testimony during the trial of this case referring to the dismissal of the criminal charges against Plaintiff;

4. Prohibiting Plaintiff from introducing any evidence or argument that Plaintiff has any sort of medical, cognitive, emotional, behavioral, learning, or other difficulties as a result of Alpha 1 Antitrypsin Deficiency;

5. Prohibiting Plaintiff from introducing any evidence referring to the Minnesota State Patrol's defense and indemnification of Trooper Hagen;

6. Prohibiting introduction of any evidence of Minnesota State Patrol policies or procedures;

7. Prohibiting introduction of any evidence or argument of publicized events of police misconduct; and

8. Sequestering non-party witnesses from opening statements and the testimony of other witnesses.

## ARGUMENT

### I. PLAINTIFF'S TREATING PHYSICIANS SHOULD BE BARRED FROM TESTIFYING.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), testimony of Plaintiff's treating physicians should be excluded because Plaintiff has never identified experts that he will call at trial. Where "a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff's omission is highly prejudicial and his treating physicians or other medical personnel should be barred from testifying.

Federal Rule of Civil Procedure 26(a)(2)(A) states that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 . . . ." Although expert witnesses "retained or specially employed to provide expert testimony" must provide a report under Federal Rule of Civil Procedure 26(a)(2)(B), witnesses not required to provide a written report must still be identified in a disclosure stating "(i) the subject matter on which the witness is expected to present

evidence under Federal Rule of Evidence 702    . . .; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

No such disclosure was made in this case and Plaintiff cannot now rely on treating physicians he has not identified as experts expected to give testimony.   (Plaintiff's Answers to Defendant's First Set of Interrogatories ("Pl.'s Ans. Int."), attached to the Affidavit of Kathryn Fodness (Doc. No. 38) as Ex. 7 at 5-6.)

Plaintiff has not served any expert reports or disclosures under the Rules of Civil Procedure.   (Fodness Aff. ¶ 15.)   Pursuant to the Court's Order to Modify Pretrial Scheduling Order, "[d]isclosure of the identities of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and full disclosures under Rule 26(a)(2)(B), accompanied by written reports prepared and signed by the expert witness," were due on or before December 31, 2013. (Order Mod. Pretr. Sched. Order (Doc. 15) at 2.)   Rebuttal experts and reports were due on or before February 2, 2014.   (*Id.*)   In addition, in Trooper Hagen's Interrogatories to Plaintiff, Plaintiff was specifically asked to:

> Identify each person you expect to call as an expert witness at the trial of this case, and, with respect to each such person, state the following:
>
> a.    The subject matter on which the person is expected to testify;
>
> b.    The substance of the facts to which the person is expected to testify;
>
> b.    The substance of all opinions to which the person is expected to testify;
>
> c.    The grounds for each opinion; and
>
> e.    All documents you provided to or received from the expert in connection with this matter.

(*Id.*)  Plaintiff's failure to identify a treating physician who will testify at trial was litigated on summary judgment. Plaintiff at no point attempted to modify his disclosure or discovery responses to identify an expert at trial.   (*See generally* Def.'s Mem. Supp. Summ. Judg. (Doc. No. 37).)

The Seventh Circuit has explained that failing to identify expert witnesses under Rules of Civil Procedure is not a mere technical formality, reasoning that:

> Formal disclosure of experts is not pointless.  Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [The defendant] should not be made to assume that each witness disclosed by the [other party] could be an expert witness at trial.  The failure to disclose experts prejudiced [the defendant] because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.  In sum, we agree with the district court that even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony.

*Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-58 (7th Cir. 2004) (citations omitted).

Yet Plaintiff's medical records reveal he has seen at least six medical providers, including orthopedic surgeons, primary care physicians, and a nurse practitioner. Defendant does not know if or which of these medical providers Plaintiff intends to call for trial.   With a trial deposition of Defendant's medical expert, Dr. Jack Drogt, scheduled for July 30, 2015, and trial set to begin on August 3, 2015, Defendant is severely prejudiced by this non-disclosure.  Plaintiff's failure to comply with disclosure

rules for experts significantly impacts Defendant's ability to present appropriate trial deposition testimony of Dr. Drogt related to Plaintiff's previous medical treatment.  It also prevents Defendant from preparing to question at trial any of the treatment providers Plaintiff visited for his purported pain, should one be called.

The prejudice to Defendant would be even greater if Plaintiff attempted to elicit testimony regarding causation from his treating physicians or other medical providers. There is no indication in Plaintiff's medical records that he has been diagnosed with any particular medical condition, let alone a condition attributable to the types of force he alleges here.  (Def.'s Mem. Supp. Summ. Judg. at 18-19 (citing the record).)  There is similarly no notation in his medical records that any of his treating physicians or other medical providers made any independent investigation into the cause of Plaintiff's purported pain.  (*See id.*)  As previously discussed, no disclosure related to causation was made in this case and Plaintiff cannot now rely on treating physicians he has not identified as experts expected to give testimony related to causation or potential causation for his complaints of pain.  *See, e.g.*, *Brooks v. Union Pac. R.R.*, 620 F.3d 896, 899-900 (8th Cir. 2010) (explaining that a treating physician is subject to the Rule 26(a)(2)(B) disclosure requirements when offering an opinion as to causation); *Schiffler v. Home Depot USA, Inc.*, No. CIV. 07-4303 JRT/LIB, 2013 WL 980334, at *6 (D. Minn. Feb. 15, 2013), *report & recommendation adopted*, No. CIV. 07-4303 JRT/LIB, 2013 WL 980330 (D. Minn. Mar. 13, 2013) (holding that a formal written expert report must be provided where a treating physician will testify to matters outside of direct observations in treatment); *Zarecki v. Nat'l R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill.

1996) (Castillo, J.) (holding that where opinions regarding causation are not derived from a physician's treatment of the patient, such opinions must be identified by formal report as information obtained in preparation for trial).

## II.   PLAINTIFF'S TESTIMONY LINKING HIS ALLEGED "PAIN" TO ANY SPECIFIC MEDICAL CONDITION OR MEDICAL FINDING SHOULD BE EXCLUDED.

Federal Rule of Evidence 701 proscribes the scope of opinion testimony of a lay witness, stating: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  Fed. R. Evid. 701.

While Plaintiff may be able to testify that he has experienced "pain" after his alleged encounter with Trooper Hagen, Plaintiff is unqualified to diagnose himself with any particular injury or medical condition.  *See Haack v. Bongiorno*, No. 08 C 02488, 2011 WL 862239 (N.D. Ill. Mar. 4, 2011) (Nolan, J.) (holding that an individual cannot offer a detailed "medical diagnosis (or self-diagnosis)" of his injuries beyond a mere comparison of his own subjective perceptions of health and pain).  Plaintiff has admitted that he does not have even a lay understanding of his claimed medical conditions and cannot state whether he has ever received a medical diagnosis.  (Deposition of Jonathon Ziesmer ("Ziesmer Dep."), attached to the Fodness Aff. at Ex. 2 at 105-12.)

Plaintiff is similarly unqualified to testify to a causal link between any such diagnosis that he suspects may apply to him or may have been communicated to him by a competent medical professional.  *See, e.g.*, *Larsen v. Barrientes*, No. 1:09-cv-55, 2010

WL 2772325, at *4 (N.D. Ind. July 12, 2010) (Cosbey, J.) (citation omitted) (stating that "[n]o [lay] witness . . . shall be permitted to opine that the arrest proximately caused [the plaintiff]'s mental and physical health problems or offer a medical diagnosis of his alleged injuries"). Plaintiff and his other lay witnesses should be prohibited from testifying as to the causation of Plaintiff's alleged injuries based upon lack of foundation. *See generally id.*; Fed. R. Civ. P. 602.  Lay witnesses should also be prohibited from repeating any provider's alleged diagnosis or potential diagnosis because such testimony would be inadmissible hearsay.  Fed. R. Civ. P. 801, 802.

## III.  ANY REFERENCE TO THE DISMISSAL OF THE CITATION ISSUED TO PLAINTIFF FOR POSSESSION OF MARIJUANA AND POSSESSION OF DRUG PARAPHERNALIA SHOULD BE EXCLUDED.

Plaintiff was charged with Possession of Marijuana and Possession of Drug Paraphernalia.  Charges against Plaintiff were dismissed.  The dismissal of those charges has no bearing on whether or not Trooper Hagen had an objective basis to detain Plaintiff or use force to detain Plaintiff.  *See, e.g.*, *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990) (stating that "the mere fact that [the plaintiff] was acquitted of the crime for which he was initially arrested does not lead to section 1983 liability for the arresting officer . . . .").

Regardless of whether or not the charges against Plaintiff were dismissed, the judgment of the criminal proceedings would be irrelevant under Federal Rule of Evidence 401 and would be unfairly prejudicial under Federal Rule of Evidence 403.  Presentation of such evidence would run afoul of the general rule of admissibility of criminal judgments in a civil case that arise out of the same facts.  "The general rule of the

common law is that a judgment in a criminal proceeding cannot be read in evidence in a civil action to establish any fact there determined.  The reason for this rule is, primarily, that the parties are not the same, and, secondarily, that different rules of evidence are applicable." *Chantangco v. Abaroa*, 218 U.S. 476, 481 (1910).

Finally, there is simply no competent evidence in the record indicating the reason for the decision made by the St. Paul City Attorney's Office to dismiss the citation.  The fact that the attorney assigned to the criminal prosecution did not pursue the criminal case against Plaintiff could lead to any number of conclusions.  Any reference by Plaintiff, his counsel, or the witnesses Plaintiff has identified during the course of this litigation to the decision to dismiss the criminal case would be without foundation and be hearsay.

## IV. ANY REFERENCE TO ANY MEDICAL, COGNITIVE, EMOTIONAL, BEHAVIORAL, LEARNING, OR OTHER DIFFICULTIES SUFFERED BY PLAINTIFF AS A RESULT OF ALPHA 1 ANTITRYPSIN DEFICIENCY SHOULD BE EXCLUDED.

Plaintiff and lay witnesses, including his mother, Susan Leuthard Ziesmer, and his counsel should be barred from arguing, testifying, or offering any evidence that Plaintiff has any medical, cognitive, emotional, behavioral, or other difficulties as a result of his diagnosis of Alpha-1 antitrypsin deficiency ("AAT deficiency").

AAT deficiency "is a condition that raises [an individual's] risk for certain types of lung disease . . . . and other diseases." *Alpha-1 Antitrypsin Deficiency*, National Heart, Lung, and Blood Institute (last updated June 11, 2014), available at http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0062929/ (last accessed July 20, 2015). Individuals with "severe AAT deficiency develop emphysema" in their forties or fifties

and "[a] small number . . . develop cirrhosis and other serious liver diseases." *Id.* Symptoms of AAT include lung-related symptoms such as shortness of breath, decreased physical abilities, wheezing, and coughing. *Id.*

Plaintiff testified under oath about the ways in which his AAT diagnosis affects him at his deposition, stating:

> Q    I saw somewhere in your medical records something about Alpha 1 Antitrypsin Deficiency . . . .
> A   Yeah, Antitrypsin Deficiency.
> Q   Is that something that you have?
> A   Yes.
> Q   What does that do?
> A   I know it's a lung and liver disease.
> Q   What does it do to your lungs and liver?
> A    I'm not sure.  When I was younger they -- I would get blood tested every year to make sure all -- everything in my blood and my body is working right.
> Q   Is part of the concern with this that it causes emphysema?
> A    I've heard some people it can cause emphysema. They're still trying to learn more about the disease and how it affects different people because there's so many different kinds of Alpha 1.
> Q   Is this something you monitor regularly when you go to the doctor?
> A    It was monitored every single year until I was about 18, and then they said it would be a couple years till I would need to be checked out again.
> Q   Have you followed up on that since you were 18?
> A   I haven't looked into it since then.

(Ziesmer Dep. at 138-39.)   Plaintiff never stated that he believes his diagnosis of AAT impairs his ability to think, communicate express himself, or engage in any day-to-day activity.  (*See generally* Ziesmer Dep.)

Plaintiff has indicated that he will rely on testimony from his mother to establish that his AAT has certain unspecified effects on him.  This testimony and any testimony related to the impacts that AAT has on Plaintiff – whether they are emotional, behavioral,

cognitive, physical, or otherwise – should be excluded at trial. First, such testimony is irrelevant. *See* Fed. R. Civ. P. 401 (stating that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action"). Plaintiff's AAT is irrelevant to consideration of Plaintiff's excessive force claim under Section 1983. Rather, the sole reason for such testimony appears to be the impermissible purpose of bolstering his own testimony and eliciting an emotional response from the jury.

Second, Plaintiff has maintained that his mental health and educational records are irrelevant to this action. During the course of discovery, Defendant requested, and ultimately brought a motion to compel, seeking Plaintiff's mental health records and educational records. (Doc. No. 16.) Plaintiff objected to the production of these records, noting that he would stipulate to seek only "garden variety" emotional distress damages at trial and that he has in no way placed his mental condition in controversy. (Plf.'s Mem. Opp. Mot. to Compel (Doc. No. 33) at 3-4.)

Plaintiff similarly objected to production of his educational records, noting that his educational records were irrelevant. (*Id.* at 4-5.) To the extent that Plaintiff now intends to rely on a medical diagnosis to claim that he has a learning disability as a result of, that his speech or affect is impacted by, or that he has some other cognitive, emotional, behavioral, or mental health impact from ATA, such testimony should be barred. Testimony or argument on this matter is highly prejudicial in light of the fact that Trooper Hagen has not had an opportunity to explore documents that likely shed light on

Plaintiff's mental or cognitive condition and may contain information that directly contradicts the testimony he intends to offer at trial.

Third, neither Plaintiff nor his mother are qualified to testify about how a lung or liver disease affect Plaintiff's cognition emotional or behavioral health.  Whether or how a lung or liver disease affect Plaintiff in his cognition, affect, behavioral health, mental health, or emotional responses are precisely the types of testimony that require expert testimony.

Finally, even if such evidence were relevant, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  *See* Fed. R. Evid. 403.  By offering general testimony that Plaintiff's affect or response to certain situations are detrimentally impacted by ATA, Plaintiff apparently seeks to garner the sympathy of the jury, expand the scope of the trial, and confuse the issues presented to the jury.

## V.  ALL EVIDENCE OR ARGUMENT RELATING TO THE MINNESOTA STATE PATROL'S INDEMNIFICATION OF TROOPER HAGEN SHOULD BE EXCLUDED.

Plaintiff should be barred from arguing, implying, or mentioning directly that the Minnesota State Patrol will indemnify Trooper Hagen for any award of damages.  As a general matter, whether a party is protected from personal financial liability "by insurance or other indemnity cannot be shown."  *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967) (citations omitted) (stating that "the parties are entitled to have the issues determined on their merits and the injection of . . . indemnity . . . is utterly repugnant to a fair trial or to the security of . . . a just verdict").  *Cf. Green v. Baron*, 879

11

F.2d 305, 310 (8th Cir. 1989) (holding that it is error and "extremely prejudicial" for a court to instruct a jury that a government employer will indemnify an individually-named employee).

The Eighth Circuit's opinion in *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987) is instructive. There, the Court concluded that it was reversible error for a district court to allow a plaintiff in a Section 1983 case to argue that police officers were indemnified by their government employer. *Id.* at 1057-1058. The Court reasoned that such argument is prejudicial, stating that "the jury's apprehension that the government would be responsible for paying damages could result in an overly generous award of damages." *Id.* at 1058.

Plaintiff should be prohibited from introducing evidence or arguing that Trooper Hagen is indemnified or that the Minnesota State Patrol or the government should pay for his conduct. Such evidence or argument irrelevant, would needlessly complicate the issues before the jury, and would be extremely prejudicial to Trooper Hagen.

## VI. EVIDENCE OF STATE PATROL POLICIES OR PROCEDURES SHOULD BE EXCLUDED AS IRRELEVANT, CONFUSING, AND UNFAIRLY PREJUDICIAL.

To the extent that Plaintiff seeks to introduce testimony or other evidence of the State Patrol's policies at trial, such testimony and evidence is improper under Federal Rules of Evidence 401, 402, and 403. It is axiomatic that "the issue [in Section 1983 cases] is whether the government official violated the Constitution or federal law, not whether he violated the policies of a state agency." *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993). Actions that violate "some state statutory or administrative provision"

12

are not necessarily constitutionally unreasonable.  *Id.* (citation omitted).  Even if the jury were to find that Trooper Hagen somehow violated State Patrol policy in some manner, such evidence is irrelevant to determining whether his actions violated the U.S. Constitution or federal law.  On the contrary, State Patrol policy may establish a higher standard of conduct on its officers that exceeds the minimum guaranteed by law.  Introduction of evidence or argument that Trooper Hagen violated his employer's policy is irrelevant and only serves to confuse the issues and prejudice Trooper Hagen.

## VII.   PLAINTIFF SHOULD BE BARRED FROM ANY TESTIMONY, EVIDENCE, ARGUMENTS, OR COMMENTS REGARDING OTHER EVENTS INVOLVING ALLEGATIONS OF POLICE MISCONDUCT.

Any testimony, evidence, argument or comments regarding any publicized events of police misconduct should be barred.  *See* Fed R. Civ. P. 401, 402, 403.  Comments and implied references to police misconduct and/or allegations of police misconduct outside of this case have no probative value and are irrelevant.  Moreover, references to incidents of police misconduct and/or allegations of police misconduct involving officers and law enforcement agencies across the United States are highly prejudicial.  Such references serve only to inflame the passions of the jury against law enforcement in general and Trooper Hagen specifically.  As such, Trooper Hagen respectfully requests that the Court enter an order providing that Plaintiff, his attorneys, and his witnesses are barred from mentioning, referring to, interrogating or questioning, introducing or arguing from unrelated events of police misconduct.

## VIII. ALL NON-PARTY WITNESSES SHOULD BE EXCLUDED FROM THE COURTROOM DURING OPENING STATEMENTS AND TRIAL TESTIMONY.

Pursuant to Federal Rule of Evidence 615, Trooper Hagen requests that the Court exclude all witnesses, other than the parties, from the courtroom during opening statements and testimony of any and all other witnesses.  Such order is proper because it prevents the contamination of the testimony of potential witnesses.  *See, e.g.*, *U.S. v. Collins*, 340 F.3d 672, 681 (8th Cir. 2003) (citations omitted) (stating that "[t]he purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty).

## CONCLUSION

For the foregoing reasons, Trooper Hagen respectfully requests that the Court grant his motions *in limine*.

*Signature on Page 15*

Dated:  July 20, 2015

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Kathryn A. Fodness**

Kathryn A. Fodness
Assistant Attorney General
Atty. Reg. No. 0392184
kathryn.fodness@ag.state.mn.us

Eric V. Brown
Assistant Attorney General
Atty. Reg. No. 0393078
eric.brown@ag.state.mn.us

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone:  (651) 757-1348
Fax:  (651) 282-5832

Attorneys for Defendant