UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| **Jonathon Ziesmer,** | Civil No: 0:12-cv-03031-PAM-JJK |
| **Plaintiff,** | PLAINTIFF'S MEMO OF LAW IN SUPPORT OF MOTIONS IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S APPLICATION FOR DISABILITY BENEFITS; EMPLOYMENT STATUS; DEFENDANT'S COMMENDATIONS; AND WITNESS JONES' PETTY MISDEMEANOR CONVICTION |
| v. | |
| **Derrick Lee Hagen**, individually and In his professional capacity as a Minnesota State Patrol Officer, | |
| **Defendant.** | |

_____

## INTRODUCTION

The Plaintiff, Jonathon Ziesmer, hereby brings the following Motion *in Limine* preceding the trial in this matter pursuant to Fed. R. Evid. 104, 401, and 403. The Plaintiff moves to exclude evidence and testimony regarding Plaintiff's (1) application and proceedings for disability benefits; (2) employment status; (3) Defendant's Commendations; and (4) Witness Jones' Petty Misdemeanor conviction.

## FACTS

This case pertains to the excessive and unreasonable amount of force used by Defendant, Derrick Lee Hagen, against Plaintiff. On August 22, 2010, Defendant tackled Plaintiff, wrenched his arms behind his back, and while Plaintiff was face down on the ground with his hands cuffed behind his back, Defendant punched him several times in the back of his head, driving Plaintiff's face into the ground.

Throughout the course of discovery, Defendant learned that Plaintiff was unemployed and filed a claim with the Social Security Department for disability benefits on or around May 9, 2012 and that the claim was ultimately denied on February 28, 2014. Plaintiff's application for disability benefits and his employment status is unrelated to the events that took place on August 22nd, 2010, but could potentially cause a jury to cast undue prejudice upon Plaintiff and mislead the jury if the information is presented to them.

Also, through discovery, Plaintiff learned that Defendant received a commendation for Drug Intervention and that witness Jones was convicted of a petty misdemeanor unlawful assembly charge.

The above information should be excluded from evidence because it is not relevant to the jury's deliberations regarding Defendant's use of force or Plaintiff's injuries sustained due to such force on August 22nd, 2010 and would likely have the effect of unfairly prejudicing the Plaintiff and misleading the jury.

## ANALYSIS

**I.     Documents and Testimony Regarding Plaintiff's Application for Disability Benefits Should be Excluded on the Grounds That Such Evidence is Irrelevant, Misleading, and Unfairly Prejudicial.**

The fact that Plaintiff Ziesmer applied for and was denied disability benefits has absolutely nothing to do with the damages he sustained at the hands of Officer Hagan on August 22, 2010. Thus, because there is no reasonable connection between Plaintiff applying for disability benefits and being denied benefits with this § 1983 cause of action, such evidence should be excluded under Fed. R. Evid. 401.

Furthermore, if the Court should find this evidence has any probative value, it is substantially outweighed by the danger of unfair prejudice it would cause the Plaintiff and likelihood it would mislead the jury. If a jury would be allowed to hear evidence that Plaintiff was denied disability benefits within the same time period of the incident at bar it could undoubtedly lead them to mistakenly conclude that Plaintiff should be denied compensation for the injuries caused by Officer Hagen.  Further, presenting such information that has nothing to do with what happened on August 8th, 2010, as evidence would likely lead the jurors to unfairly prejudice the Plaintiff and may lead to the conclusion that Plaintiff is undeserving of his day in court simply because he applied for benefits. Thus, the danger of the jury being unduly swayed and misled by this irrelevant evidence is grounds for exclusion under Fed. R. Evid. 403.

II. **Documents and Testimony Regarding Plaintiff's Employment Status Should be Excluded on the Grounds that Such Evidence is Irrelevant and Unfairly Prejudicial.**

Through deposition testimony, Defendant has obtained information regarding Plaintiff's employment status. Plaintiff has been unemployed and at times homeless throughout his life. Whether Plaintiff is employed full-time, part-time, or unemployed is completely irrelevant and has no tendency to make any fact about the August 22, 2010 incident more or less probable. Further, Plaintiff's employment status is of no consequence in determining whether Officer Hagen used excessive force. Thus, Plaintiffs employment status should be excluded under Fed. F. Evid. 401.

Furthermore, if the Court should find Plaintiff's employment status during any time of his life has any probative value, it is vastly outweighed by the danger of unfair

3

prejudice it would cause the plaintiff. Allowing this information in as evidence would undoubtedly stigmatize the plaintiff and may sway the jurors towards unfair conclusions about the events that happened. As such, the danger of jurors being unduly swayed by this evidence is ground for exclusion under the Fed. R. Evid. 403.

> **III.   Documents and Testimony Regarding Defendant's Commendations Should be Excluded on the Grounds that Such Evidence is Irrelevant, Misleading, Confusing, and Unfairly Prejudicial.**

Defendant Hagen has produced documentation that he has received positive commendations for Drug Intervention in 2011. That Defendant received commendation for acts unassociated with the issues raised in Plaintiff's case is not relevant as defined in Fed. R. Evid. 401. Moreover, whether Defendant Trooper received recognition for his drug intervention skills for separate incidents in 2011, does not have any consequence on whether he acted with outrageous offense to Mr. Ziesmer's civil rights and liberties on August 22, 2010 or the search he conducted on that evening. It has no bearing on the probability of whether Defendant Hagen performed the alleged conduct, as there is no reasonable connection between the commendation and the events in question in this lawsuit. Thus, this commendation should be excluded under Fed. R. Evid. 401.

Furthermore, the testimony should be excluded under Rule 403. Defendant Hagen's testimony and/or documentary evidence regarding the commendation would be misleading to the jury because Defendant Hagen would be using it to create an inference that his conduct and character on August 22, 2010 was in-line with his conduct and character in 2011 when he received the commendation. Clearly, it is not possible for any underlying fact to support such an argument. It also has the potential to cause confusion

of the issues, because the jury may be led to conclude that the commendation is dispositive in this case, when in fact, it has no bearing on whether or not Defendant committed the alleged conduct. The potential for confusion should be eliminated by excluding testimony and or documentary evidence regarding Defendant Hagen's commendation.

Finally, if the Court should find this evidence has any probative value, it is outweighed by the danger of unfair prejudice. Any weight that a jury would attach to this evidence would be based on an unreasonable expectation that Defendant Hagen would act in all circumstances with this kind of conduct for which he was commended. This is an inaccurate and unfair standard, as there is no way to support such an inference, and the danger of the jury being unduly swayed by this evidence is ground for exclusion under the Fed. R. Evid. 403.

**IV. Evidence and Testimony of Witness Jones' Petty Misdemeanor Conviction of Unlawful Assembly Should be Excluded From Evidence as it is irrelevant and unfairly prejudicial.**

Plaintiff intends to call Travis Jones as a witness in his case. On July 9, 2011, Mr. Jones was charged with Riot-2nd Degree-Armed with Dangerous Weapon; Riot-3rd Degree Unlawful Force or Violence; and Unlawful Assembly. Mr. Jones ultimately pled guilty to the misdemeanor charge of unlawful assembly which was certified as a Petty Misdemeanor pursuant to Minn. R. Crim. P. 23.02. Mr. Jones' petty misdemeanor conviction of unlawful assembly has no relevance in the case at hand and thus testimony eliciting his conviction or events surrounding the criminal charge should be excluded pursuant to Fed. R. Evid. 401. Further, evidence and testimony of Mr. Jones' conviction

5

is inadmissible under Fed. R. Evid. 609 since the crime at issue is not punishable by imprisonment for more than a year and did not involve a dishonest act or false statement.

## CONCLUSION

For the forgoing reasons, the Plaintiff respectfully requests that his Motion *in Limine* be granted in its entirety.

Respectfully submitted,

Dated: July 20, 2015

s/Christopher J. Kuhlman
Christopher J. Kuhlman
MN Bar No. 0386840
**Kuhlman Law, PLLC**
333 Washington Ave. N., Suite 335
Minneapolis, MN 55401
Telephone: 612.349.2747
Fax: 612.435.9835
Email: ckuhlman@CkLegal.com