UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jonathon Ziesmer,	Case No. 12-cv-3031 (PAM/JJK)

        Plaintiff,

v.	**ORDER**

Derrick Lee Hagen, individually and in
his official capacity as a Minnesota State
Patrol Officer,

        Defendant.
_____

This matter is before the Court on the parties' Motions in Limine. For the reasons that follow, the Court grants in part and denies in part Ziesmer's Motions and grants in part and denies in part Hagen's Motions.

**A.	Ziesmer's Motions in Limine**

    **1.	Disability Benefits**

Ziesmer first moves to exclude evidence of his 2012 application for and the 2014 denial of disability benefits. He argues that the evidence is irrelevant to the 2010 incident at issue or his alleged neck and shoulder injuries and would unfairly prejudice the jury into likewise denying him compensation for his injuries. Hagen concedes that the evidence is irrelevant to the 2010 incident, but counters that the evidence is relevant to his damages defense that the alleged injuries were caused by forces other than the incident. He notes that Ziesmer claimed in his disability-benefits application that he could not work due to knee and mental-health conditions rather than his neck and shoulder injuries. But whether Ziesmer was disabled because of other health problems is

a separate issue from whether he was injured as a result of the incident. The health problems claimed in the disability-benefits proceeding are independent from the injuries alleged in this excessive-force action. Ziesmer's pursuit of disability benefits for those problems is therefore not probative of his claim for damages here. The Court grants the Motion.

2. **Employment Status**

Ziesmer also moves to exclude evidence that he has been unemployed as irrelevant to the 2010 incident and unfairly prejudicial to his ability to recover damages. Hagen counters that the evidence is relevant because Ziesmer seeks damages, in part, for lost and future wages. Ziesmer's employment status certainly has no bearing on the events that took place in 2010. But because Ziesmer contends that those events diminished his employment opportunities, Hagen must be able to introduce evidence of his employment status to defend against that contention. The Court denies the Motion to that extent.

3. **Hagen's Commendations**

Ziesmer next moves to exclude evidence of Hagen's 2011 commendations for drug intervention. He argues that the evidence is irrelevant to the 2010 incident and is otherwise unfairly prejudicial, misleading, and confusing. Hagen counters that the evidence demonstrates his skills and experience in drug interdiction and bolsters his assertion that he smelled marijuana in Ziesmer's vehicle during the incident. It appears, however, that Hagen received the commendations for actions wholly unrelated to the incident at issue. And though the commendations may reflect his abilities in drug

interdiction in 2011, they are of no consequence to whether he used appropriate force in 2010. The Court grants the Motion.

####    4.    Travis Jones's Petty Misdemeanor Conviction

Finally, Ziesmer moves to exclude evidence of witness Travis Jones's 2011 petty misdemeanor conviction for unlawful assembly. Hagen responds that he does not intend to introduce this evidence. The Court denies the Motion as moot.

### B.    Hagen's Motions in Limine

####    1.    Ziesmer's Treating Physicians

Hagen first moves to exclude testimony from Ziesmer's treating physicians. He argues that Ziesmer failed to identify these physicians as expert witnesses or submit expert reports on their opinions. Ziesmer counters that he intends to call his physicians to elicit testimony solely on diagnosis and treatment and not on causation, and that physicians may testify as lay witnesses on those issues. Ziesmer is correct. In the Eighth Circuit, a treating physician may testify as a lay witness when describing his or her personal observations of a medical condition but not when opining on outside facts about the cause of the condition. See Brooks v. Union Pacific R. Co., 620 F.3d 896, 898-900 (8th Cir. 2010). Ziesmer's treating physicians must therefore limit their testimony to their examination, diagnosis, and treatment of him. The Court denies the Motion without prejudice to specific objections at trial.

####    2.    Ziesmer's Self-Diagnosis

Hagen next moves to exclude testimony from Ziesmer on his own diagnosis of the extent of his injuries or conclusion on the cause of those injuries. But Ziesmer may

undoubtedly testify to matters based on his own perception, including his personal observations of his medical condition. See Fed. R. Evid. 701. The Court denies the Motion without prejudice to specific objections at trial.

### 3. Dismissed Citation

Hagen also moves to exclude evidence that the citation he issued Ziesmer during the 2010 incident was later dismissed. He argues that the criminal charges are irrelevant to his actions that day and the record does not explain why the citation was dismissed. If Hagen introduces evidence of the citation to establish that he had an objective basis to detain and use force against Ziesmer, Ziesmer has a right to introduce evidence that the citation was later dismissed. The Court denies the Motion to that extent.

### 4. Alpha 1 Antitrypsin Deficiency

Hagen moves to exclude testimony from Ziesmer or his mother that Alpha 1 Antitrpysin Deficiency (AAT), which is a genetic condition that causes lung and liver disease, impairs his ability to think, communicate, and engage in day-to-day activities. Hagen argues that this testimony is irrelevant to Ziesmer's excessive-force claim; inappropriate given that Ziesmer has objected to the production of his mental-health and education records; inadmissible because Ziesmer and his mother are not qualified to testify about how AAT affects his mental, emotional, and behavioral health as experts; and is unfairly prejudicial and misleading. Ziesmer counters that he or his mother may testify as to his AAT on the basis of their personal knowledge of how it has affected his life. Ziesmer and his mother may testify about their personal observations of his functioning in life. But given the lack of evidence in the record on this issue and

4

Ziesmer's and his mother's lack of qualifications on the issue, they may not testify that Ziesmer has AAT and to how AAT has impacted his functioning in life. The Court grants the Motion to that extent.

5. **Minnesota State Patrol Defense and Indemnification**

Hagen moves to exclude evidence of the Minnesota State Patrol's defense and indemnification of Hagen. Ziesmer responds that he does not intend to introduce this evidence. The Court denies the Motion as moot.

6. **Minnesota State Patrol Policies and Procedures**

Hagen moves to exclude evidence of the Minnesota State Patrol's policies and procedures. He argues that the evidence is irrelevant because Ziesmer claims that Hagen's actions violated the U.S. Constitution or federal law. Ziesmer counters that the evidence is relevant because Hagen's failure to follow proper procedure is probative of whether he acted in an objectively reasonable manner in his encounter with Ziesmer. It is axiomatic, however, that "the issue [in Section 1983 cases] is whether the government official violated the Constitution or federal law, not whether he violated the policies of a state agency." Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir. 1993). Evidence of the Minnesota State Patrol's policies and procedures is therefore irrelevant to Ziesmer's excessive-force claim. The Court grants the Motion.

7. **Publicized Events of Police Misconduct**

Hagen further moves to exclude evidence or argument of other publicized events involving allegations of police misconduct. Hagen argues that the evidence or argument is irrelevant to the events of this case and is otherwise highly prejudicial and only serves

to inflame the passions of the jury against law enforcement and Hagen. Ziesmer responds that he does not intend to introduce evidence of unrelated police-misconduct events, but counters that he should be able to make arguments about police misconduct and its effect on the public's constitutional rights and safety. Ziesmer may not make any reference to any publicized event of police misconduct other than the incident at issue here—the encounter between Ziesmer and Hagen. The Court grants the Motion.

### 8. Witness Sequestration

Hagen moves to sequester nonparty witnesses from opening statements and other witnesses' testimony. Ziesmer does not oppose this request. The Court grants the Motion.

### 9. Recently Produced Medical Records

Finally, Hagen moves to exclude various medical records that Ziesmer produced within the last two months. He argues that Ziesmer may not rely on the medical records because he did not timely disclose them during discovery. Ziesmer counters that he could not have produced many of the medical records during discovery because several of them document treatment he received after the Court entered summary judgment and while the case was pending on appeal. Hagen has since clarified that he seeks to exclude only those medical records that Ziesmer could have accessed before the entry of summary judgment. The Court agrees with Hagen that Ziesmer may not present recently produced medical records that reflect treatment before the entry of summary judgment but may present the records that show treatment after that point. The Court grants the Motion to that extent.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Ziesmer's Motions in Limine (Docket No. 76) are **GRANTED in part and DENIED in part** as set forth above; and

2. Hagen's Motions in Limine (Docket Nos. 65 and 80) are **GRANTED in part** and **DENIED in part** as set forth above.

Dated: August 4, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge